COREY R. AMUNDSON, Chief
JORDAN DICKSON, Trial Attorney (CA Bar No. 324406)
ALEXANDER GOTTFRIED, Trial Attorney (NY Bar No. 5490024)
Attorneys for the United States of America
U.S. Department of Justice, Criminal Division
Public Integrity Section
1301 New York Ave. NW
Washington, D.C. 20530
Telephone: 202-597-0508
Jordan.Dickson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | CASE NO. 24-MJ-1167-DBP |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR A PROTECTIVE ORDER |
| DAVID COLE, | |
| Defendant. | |

GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER

The United States of America (the "Government"), through its undersigned attorneys, moves this Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to issue the attached proposed protective order governing discovery in this matter.

The Government plans to imminently provide to the defendant discovery that meets and exceeds its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and any discovery orders issued by this Court. For example, the

Government intends to provide the defendant with law enforcement agency interview reports that may contain personal identifying information or other confidential information. Much of the material the Government intends to produce—including the material that exceeds the Government's discovery obligations—consists of sensitive information regarding witnesses, such as personal identifiers, addresses, and phone numbers; private financial information; and confidential and sensitive information developed through investigations of law enforcement and the use of the grand jury.  *See, e.g.*, *Douglas Oil v. Petrol Stops Nw.*, 441 U.S. 211, 218, 219–22 (1979) (discussing the policies underlying grand jury secrecy requirements and noting that they remain in effect after the grand jury's proceedings conclude).

    A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect."  *Alderman v. United States*, 394 U.S. 165, 185 (1969).  Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery where appropriate.  *See* Fed R. Crim. P. 16(d)(1). The Government does not seek to delay, deny, or restrict the disclosure of information to the defense.  The Government seeks only to facilitate discovery, while protecting against the improper disclosure or use of a certain sensitive information.

    Accordingly, the Government respectfully requests that a protective order be entered governing the use that can be made of all discovery material that the Government provides to the defendant in this case.

Such material will be handled pursuant to the procedures outlined in the proposed order submitted contemporaneously to the Court, and that material may only be disclosed or disseminated in accordance with the proposed order, unless and until that order is modified by the Court. Counsel for the defendant have indicated that they have no objections to the proposed protective order.

    Respectfully submitted,

    COREY R. AMUNDSON
    Chief, Public Integrity Section
    Criminal Division
    U.S. Department of Justice

By:

    /s/ Jordan Dickson
    JORDAN DICKSON
    Trial Attorney
    Public Integrity Section
    Criminal Division
    U.S. Department of Justice